UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAZARO TRIANA GONZALEZ
(A#220-264-462)

        Petitioner,

    v.

WARDEN OF GOLDEN STATE
ANNEX,

        Respondent.

No.   1:26-cv-00690-DC-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

Currently pending before the Court is Respondent's motion to dismiss based on mootness because petitioner was removed from the United States on February 16-17, 2026.  ECF No. 18. Counsel for Petitioner filed a reply indicating that she does not oppose the motion to dismiss. ECF No. 19.  Petitioner's removal moots his pending challenge to his immigration detention.  See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (holding that since petitioner's "habeas claims challenged only the length of his detention, as distinguished from the lawfulness of the deportation order… [h]is petition was… moot by his removal.").  As a result, the undersigned recommends granting respondent's motion to dismiss the § 2241 petition.

1

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 18) be granted.

2. Petitioner's application for a writ of habeas corpus be dismissed as moot based on petitioner's voluntary departure from the United States.

3. The Clerk of Court be directed to enter judgment for respondent and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 8, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2